**In re ESTATE OF KINDER. (Two Cases)**

[Cite as *In re Estate of Kinder* (1998), 128 Ohio App.3d 316.]

Court of Appeals of Ohio,
Third District, Defiance County.

Nos. 4–97–22 and 4–98–01.

Decided June 12, 1998.

*Stephen R. Archer,* for appellant.

*Arthur, O'Neil, Mertz & Bates* and *Daniel R. Michel,* for appellee.

---

EVANS, Judge.

This is an appeal by Ralph Kinder, Jr. ("appellant") from a judgment of the Court of Common Pleas of Defiance County, Probate Division, removing him as administrator of Ralph L. Kinder, Sr.'s estate for the reason that appellant was

born out of wedlock and could not establish himself as an heir of the deceased in accordance with Ohio law. We reverse the judgment of the trial court and remand for further proceedings.

In 1945, Regina K. Kinder, n.k.a. Regina Plylar ("appellee"), was born as a product of an intimate relationship between Ralph Kinder, Sr. and Helen Lee Jackson. The couple married in 1947 and filed for divorce ten years later. In 1957, the Wayne County, Michigan Circuit Court granted the divorce. It is undisputed that the divorce decree established a legal parent/child relationship between Ralph Kinder, Sr. and appellee.

Sometime in the mid–1950s, Ralph Kinder, Sr. began an intimate relationship with Nancy Lee Miller. Ralph Kinder, Jr. was born as an alleged product of that relationship on September 1, 1960, in Wayne County, Michigan.[1] Although Ralph Kinder, Sr. and Miller never married, their relationship lasted until 1962.

In 1963, Miller brought a paternity action against Ralph Kinder, Sr. in Wayne County, Michigan, for the purpose of establishing a child support order. Pursuant to a settlement agreement entered into by the parties, the Wayne County Circuit Court ordered Ralph Kinder, Sr. to pay $1,200 to Miller plus an additional $100 per month until appellant reached the age of eighteen.[2] In addition, a Michigan law in effect at the time allowed the parties to stipulate that the order would stay silent on the issue of parentage. The court subsequently approved the settlement agreement, stating, however, that it would not enter an order of filiation.

Ralph Kinder, Sr. continued to reside in Michigan until sometime in the early 1990s when he moved to Defiance County, Ohio, to be near an ailing relative. At all times relevant, appellant remained a resident of Wayne County, Michigan.

In the fall of 1996, Regina Plylar applied to the Court of Common Pleas of Defiance County, Probate Division, for guardianship over Ralph Kinder, Sr. for reasons of incompetency. The court granted a temporary guardianship pending a full hearing on the matter; however, the action was dismissed after Ralph Kinder, Sr. agreed to move with appellee to her home state of Alabama. Ralph Kinder, Sr. died intestate on March 7, 1997.[3]

---

1.  It is undisputed that just after the child's birth, Ralph Kinder, Sr. took the appropriate steps required by Michigan law to have his name placed on appellant's birth certificate.

2.  By all accounts, Ralph Kinder, Sr. obeyed the child support order.

3.  Although Ralph Kinder, Sr. died in Alabama, the parties agree that he was domiciled in Defiance County, Ohio, and, thus, the estate should be probated in accordance with Ohio probate law.

On March 12, 1997, appellant filed an application in the Common Pleas Court of Defiance County, Probate Division, to be named administrator of Ralph Kinder, Sr.'s estate. The court duly appointed Ralph Kinder, Jr. as administrator the same day. Approximately one month later, appellee filed a motion, pursuant to Civ. 12(B)(6), to remove appellant as administrator for the reason that he "lacks standing to assert any rights, by or on behalf of, Ralph Kinder, Sr." because a legal parent/child relationship was never established between appellant and Ralph Kinder, Sr. in accordance with Ohio law.

A pretrial conference was held on May 5, 1997. After considering the 1957 divorce decree and the 1963 child support order, the trial court determined that appellant should be dismissed as administrator and that appellee was Ralph Kinder, Sr.'s sole heir at law. Although the court rendered its decision on May 5, 1997, it was not journalized until June 4, 1997. Ralph Kinder, Jr. filed an appeal of that decision on July 3, 1997.

Prior to the issuance of the June 4, 1997 journal entry, appellant filed a motion requesting the Wayne County Circuit Court to clarify the meaning of the 1963 child support order. On June 3, 1997,[4] the Michigan court stated that the 1963 order pertained only to the issue of support and "does not affect the issue of inheritance." Moreover, the court declared that appellant's birth certificate, the 1963 child support order, and the fact that Ralph Kinder, Sr. paid child support for approximately sixteen years was considered prima facia evidence of paternity under Michigan law. Nonetheless, because it was called upon only to interpret the 1963 order, the Michigan court did not issue a new order stating that a parent/child relationship had been established between appellant and Ralph Kinder, Sr.

Based upon the finding of the Michigan court, appellant then filed a motion for reconsideration[5] of the trial court's June 4, 1997 decision. This court *sua sponte* remanded Ralph Kinder, Jr.'s appeal in order for the trial court to rule on the pending motion.

On January 7, 1998, the trial court issued its decision and overruled appellant's motion despite the finding of the Michigan court. Particularly, the trial court stated:

"Ralph L. Kinder, Jr. may be able to prove that he is the natural son of Ralph L. Kinder, Sr. Indeed, Michigan has determined the birth certificate to be Prima

---

4. The Court of Common Pleas of Defiance County, Probate Division, issued its June 4, 1997 journal entry without the knowledge that the Michigan court had released its opinion the preceding day.

5. The motion for reconsideration was subsequently renamed as a motion to set aside a judgment pursuant to Civ.R. 60(B).

Facie evidence of paternity; however, due to the statutes of limitations on paternity actions, which specifically apply to an heirship proceeding, there is no legal way to accomplish that proof."

On January 13, 1998, appellant filed an appeal to the trial court's latest judgment on the Civ.R. 60(B) motion. Ralph Kinder, Jr.'s appeal of the June 4, 1997 judgment was still pending as well. Both cases are now before this court, and both raise similar assignments of error for our review.[6]

Appellant asserts the following as his first assignment of error:

"The trial court erred in granting what amounted to a 'summary judgment' that Ms. Plylar was decedent's sole heir at law."

■ Although not clearly stated in the assignment of error, appellant essentially argues that the trial court erred in disposing of the case without following the established procedures set forth in R.C. Chapter 2123. We agree.

R.C. 2123.01 states in part:

"Whenever property passes by the laws of intestate succession * * * proceedings may be had in the probate court to determine the persons entitled to such property."

R.C. 2123.02 states:

"In a situation described in section 2123.01 of the Revised Code, the executor or administrator may file in the probate court of the county where the estate is being administered a petition signed by such * * * administrator * * *. The petition shall contain a concise statement of the pertinent facts and shall conclude with a prayer for the determination of the heirs and distributees of such decedent * * *."

In addition, R.C. 2123.06 allows any other interested person to file a petition for the determination of heirship. Furthermore, R.C. 2123.05 states that "[a]t the time assigned for the hearing of a proceeding set forth under section 2123.01," the probate judge may hear evidence in open court concerning the determination of heirship.

In the case *sub judice*, the trial court failed to follow any of the procedures set forth in the foregoing statutes. Because appellee questioned appellant's status as Ralph Kinder, Sr.'s legal heir, appellee should have filed a petition pursuant to R.C. 2123.06 to request the trial court to determine heirship. Appellee, however, ignored R.C. 2123.06 and attempted to procure an immediate removal of appel-

---

6. Because the brief filed in the second case does not contain a clear statement of the assignments of error, we will quote the assignments of error stated in Ralph Kinder, Jr.'s first appellate brief.

lant through the filing of a motion to dismiss pursuant to Civ.R. 12(B)(6), which the trial court subsequently granted.[7]

The Revised Code, however, allows for removal of an administrator in a few limited circumstances. For example, R.C. 2109.24 allows the probate court to remove a fiduciary for wrongful or negligent conduct. R.C. 2109.53 requires a court to remove a fiduciary after a judgment has been rendered against him for concealment or embezzlement of estate assets. In addition, R.C. 2113.18 states, in relevant part, that the probate court may remove an administrator upon motion of the decedent's children when it has been determined that a wrongful death action should have been filed on behalf of the deceased. None of these circumstances applies here. We therefore find that the trial court acted inappropriately by granting appellee's motion to dismiss Ralph Kinder, Jr. as administrator and determining heirship without following the above-mentioned procedure.

██ Moreover, the foregoing practice led to further error in that the trial court summarily disposed of the case at the May 5, 1997 pretrial conference. Ralph Kinder, Jr. was never afforded the benefit of a hearing on the issue of heirship.[8] Although the language of R.C. 2123.05 does not require that such a hearing be conducted, we find that the trial court erred in failing to do so in this case.

The question of whether Ralph Kinder, Jr. is an heir of Ralph Kinder, Sr. depends upon whether the parent/child relationship has been established pursuant to Michigan paternity law[9] within the relevant statutory time limitations. This question could not properly be answered by an Ohio probate court without the benefit of a full hearing on all of the evidence and an adequate examination of the pertinent Michigan law.

The trial court in this case, however, disposed of the case after a brief examination of only two documents: the 1957 divorce decree establishing paternity of Regina Plylar and the 1963 child support order that had no affect on heirship, as it was silent on the issue of paternity. Appellant has argued that with more time to prepare he could have obtained existing records that may tend to prove his case if not for the trial court's rush to end this matter.

---

**7.** We note that the plain language of Civ.R. 12(B)(6) establishes that a motion to dismiss is proper only when it is filed in response to a pleading. The trial court granted said motion even though no pleadings existed in this case.

**8.** Appellee has argued that appellant never requested a hearing; however, nothing in the record corroborates this contention.

**9.** See our explanation as to why we find that Michigan paternity law applies, *infra*.

■ Based upon the foregoing, we find that the trial court erred in failing to follow the procedures for determination of heirship as set out in R.C. Chapter 2123 and that the procedure the trial court did follow, taken as a whole, prejudiced Ralph Kinder, Jr., thereby denying him due process of law.

Appellant's first assignment of error is sustained.

Appellant asserts the following as his second assignment of error:

"The trial court's ruling that Kinder, Jr. could not inherit from decedent was in error because the parent-child relationship was established in Michigan during decedent's lifetime and, therefore, entitled to Full Faith and Credit by the Ohio Courts."

■ Ralph Kinder, Jr. argues extensively in both of his appellate briefs that the Ohio court should have applied Michigan paternity law to this case in order to determine whether the parent/child relationship had been established between himself and Ralph Kinder, Sr. We agree with this contention.

The Supreme Court of Ohio has stated in *Howells v. Limbeck* (1961), 172 Ohio St. 297, 16 O.O.2d 68, 175 N.E.2d 517, paragraph one of the syllabus:

"[T]he question whether [an] act will have the effect of legitimating the child will be determined by the law of the domicile of the father at the time of the performance of the act, to the exclusion of any other law."

It is undisputed that Ralph Kinder, Sr. continued to reside in Wayne County, Michigan, for at least thirty years after Ralph Kinder, Jr.'s birth. Any act legitimating Ralph Kinder, Jr., which was performed inside the appropriate statute of limitations, would have been done in the state of Michigan. We note that in its June 4, 1997 entry, the trial court acknowledged that Ohio had no connection to the paternity issue. Moreover, the Michigan court stated that Ralph Kinder, Jr. had prima facie proof that paternity had been established according to Michigan law. Therefore, we conclude that the trial court erred in failing to apply Michigan law to determine whether Ralph Kinder, Sr. legitimated appellant within the appropriate statute of limitations, thereby establishing him as a legal heir at law.

■ Appellant next contends that if the trial court had properly applied Michigan paternity law, it would have found that the parent/child relationship had been established and that the state of Ohio would have been required to give full faith and credit to the determination. We are not in a position to conclude that paternity had been established under Michigan law, as this court cannot conduct a hearing on the matter; however, we agree with appellant that if paternity has been established under Michigan law, Ohio must give deference to said finding.

"The status of legitimacy conferred by the law of another state places the child in the same situation with regard to the inheritance of Ohio [property] as though he had acquired such status in Ohio." *Howells v. Limbeck,* 172 Ohio St. 297, 16 O.O.2d 68, 175 N.E.2d 517, paragraph two of the syllabus.

Appellant's second assignment of error is sustained.

Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgments of the trial court. The cases are remanded to the trial court for further proceedings in accordance with this opinion.

*Judgments reversed*
*and cause remanded.*

THOMAS F. BRYANT and HADLEY, JJ., concur.